NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1075

JENNIFER SMITH

VERSUS

SHIRLEY SIMMONS, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2005-7922-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

AFFIRMED.

John Taylor Bennett
Bennett Law Office
Post Office Box 275
Marksville, LA 71351
(318) 253-4631
Counsel for Plaintiff-Appellee:
 Jennifer Smith

**Paul Douglas Oberle Jr.**
**Richie, Richie & Oberle, LLP**
**P. O. Box 44065**
**Shreveport, LA 71134**
**(318) 222-8305**
**Counsel for Defendant-Appellant:**
  **Imperial Fire and Casualty Insurance Co.**

**Pickett, Judge.**

The appellant, Imperial Fire & Casualty Insurance Company, appeals a judgment awarding damages to the plaintiff, Jennifer Smith.

**STATEMENT OF THE CASE**

On May 28, 2004, the plaintiff Jennifer Smith was involved in a motor vehicle accident with Shirley Simmons. Mrs. Smith allegedly sustained injuries in this accident, and filed suit against Ms. Simmons, Imperial Fire & Casualty Insurance Company (Imperial), and Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau). Ms. Simmons was never served with the petition in this case, and she was never involved in this litigation. Imperial was sued as the insurer of Ms. Simmons's vehicle, and Farm Bureau was sued as the UM carrier of Mrs. Smith. Farm Bureau settled with Mrs. Smith on the day of the trial. Thus, a bench trial proceeded against Imperial.

Imperial stipulated that its insured, Ms. Simmons, was at fault in causing the accident and that it had issued a 10/20 policy to Ms. Simmons. The only issue before the trial court, then, was the extent of Mrs. Smith's damages. Mrs. Smith alleged that she suffered an injury to her right upper back in this accident. She admitted that she had pain in her back immediately before the accident, but that it was the left side that was injured prior to this accident. Imperial alleged that at the time of the May 28, 2004, accident, Mrs. Smith was being treated by Dr. Bryan McCann for injuries sustained in a previous accident. Thus, it argued that the injuries which Mrs. Smith attributed to the accident with Ms. Simmons were actually preexisting injuries she sustained in the first accident. Imperial relied on three pieces of evidence to support this argument. First, the records of Mrs. Smith's massage therapist, whom she saw

2

four times in the two weeks before the May 28, 2004, accident, indicate Mrs. Smith had pain in her right upper back and shoulder before the accident. Second, Mrs. Smith gave a deposition in a lawsuit stemming from the first accident on June 9, 2004. In that deposition, she claimed she was not injured in the second accident and the accident did not aggravate her injuries. Third, she gave a recorded statement to a representative of Imperial, Marcia Coker, on June 15, 2004. In that statement, when asked by Ms. Coker, "Were you injured?" Mrs. Smith replied, "No, I was not." Finally, Imperial also points out that Mrs. Smith never told Dr. McCann about the second accident until the lawsuit in the first accident had been settled.

Following a bench trial on February 22, 2006, the trial court took the matter under advisement. On February 27, 2006, the trial court issued written reasons for ruling, finding Imperial liable for damages to Mrs. Smith. The trial court awarded $3,500.00 in general damages and $1,678.67 in special damages. A judgment in conformity with the written reasons was signed on June 6, 2006. Imperial has appealed that judgment.

## ASSIGNMENTS OF ERROR

Imperial asserts two assignments of error:

1.   Whether the trial court erred as a matter of law in allowing hearsay testimony of Dr. Bryan McCann, plaintiff's treating physician, regarding what he was told were the policies of Heather Rivas, the plaintiff's massage therapist, with respect to whether she took contemporaneous notes.

2.   Whether the court was manifestly erroneous and clearly wrong in finding that the plaintiff sustained any injury in the May 28, 2004, motor vehicle accident which forms the basis of this lawsuit.

3

## DISCUSSION

Dr. McCann testified at the deposition he gave in preparation for the trial of this matter that his medical records indicated that Mrs. Smith did not have an injury to her right shoulder or the right side of her upper back immediately prior to the May 28, 2004, accident. His records indicated that Mrs. Smith had complained of right shoulder pain and numbness in her right hand as late as April 1, 2004, but had not complained of any right side problems in any of the three visits to Dr. McCann immediately preceding the accident. On June 14, 2004, Mrs. Smith complained to Dr. McCann of pain and tightness in her right shoulder and scapular area. She did not tell Dr. McCann she had been in another accident on May 28, 2004. Mrs. Smith continued to complain of pain in her right shoulder, right upper back, and neck through October 27, 2004, when she was discharged by Dr. McCann. Mrs. Smith did not tell Dr. McCann about the second accident until May 2005. Based on his medical records, Dr. McCann opined that Mrs. Smith's right shoulder and upper back pain was related to the accident of May 28, 2004.

Dr. McCann was then confronted with the records of Ms. Heather Rivas, a massage therapist who worked in his office. These records were included in the records of Dr. McCann. Mrs. Smith had massage therapy sessions with Ms. Rivas on May 17, 21, 24 and 28, 2004. In Ms. Rivas's notes, she indicates that Mrs. Smith had pain or tightness in her right upper back or shoulder on each of these four visits. Notably, the last visit was the same day as the accident, but before the accident occurred. At the deposition, Dr. McCann stated that given the records of Ms. Rivas, which indicate right side pain immediately before the accident, he could not say it

4

was more probable than not that the May 28, 2004, accident caused the right shoulder injury to Mrs. Smith.

Dr. McCann testified again at the trial of this matter. He explained how he takes his notes contemporaneously with his examination of a patient. He was then asked if he knew how Ms. Rivas kept her notes. Imperial lodged an objection, saying that Dr. McCann's testimony would be impermissible hearsay. Dr. McCann testified that he asked his office staff about Ms. Rivas's note-taking, and one of his staff members, Patricia, told him how she did it. Imperial again stated the objection, and the trial court allowed the testimony. Dr. McCann went on to testify that Patricia told him that Ms. Rivas would write her notes at the front desk after the patient had left, not contemporaneous with the therapy sessions. Based on this information, Dr. McCann surmised that his notes were more likely to be correct than Ms. Rivas's notes, and he was able to state that the accident of May 28, 2004, caused an injury to Mrs. Smith's right side.

Hearsay is defined by La.Code Evid. art. 801(C) as "a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay testimony is inadmissible unless it falls into one of the exceptions contained in the Code of Evidence. La.Code Evid. art. 802. Dr. McCann's testimony about what Patricia or any other person in his office told him about Ms. Rivas's record keeping is clearly hearsay, and no exception would allow it to be admitted. Thus, the trial court erred in allowing this testimony.

The effect of this error is, however, harmless. The fact still exists that the records of Dr. McCann and Ms. Rivas conflict. The trial court found that Mrs. Smith

was a credible witness who was merely a poor historian. The trial court clearly believed that Dr. McCann's records were accurate. Credibility determinations are within the purview of the trier of fact. An appellate court may not set aside the factual findings of a trial court unless manifestly erroneous or clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). The trial court took into account the conflicting statements of Mrs. Smith and found her injuries to be attributable to the May 28, 2004, accident. As there is sufficient evidence to support the findings of the trial court, we must affirm that judgment.

Finally, Mrs. Smith, in brief, argues that she should be awarded damages for frivolous appeal. She has not filed an answer to the appeal, therefore, we will not consider this argument. See La.Code Civ.P. art. 2133.

## <u>CONCLUSION</u>

The judgment of the trial court is affirmed. Costs of this appeal are taxed against Imperial Fire and Casualty Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

6